(February 2, 1888.)

## HART, PROBATE JUDGE, v. BOISE COUNTY.
### [16 Pac. 552.]

SALARY AND FEES OF PROBATE JUDGE.—The law under which the plaintiff in error claims salary and fees, and upon which his claim is based, was repealed before the services were performed.

ERROR to District Court, Boise County.

George Ainslie and J. W. Huston, for Plaintiff in Error.

"The legislative power in each territory shall be vested in the governor and a legislative assembly." Section 1864 of the Revised Statutes of the United States provides that "the legislative power of every territory shall extend to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States." The members of the legislature, "to whose judgment, wisdom and patriotism the high prerogative of making laws is intrusted, cannot relieve themselves of the responsibility by choosing other agencies—cannot substitute the judgment, wisdom and patriotism of others for their

own." "One of the settled maxims of constitutional law," says Judge Cooley, "is that the power conferred on the legislature cannot be delegated by that department to any other body or authority." (*Houghton v. Austin,* 47 Cal. 646, and following; *Savings etc. Assn. v. Austin,* 46 Cal. 416, and following; Cooley's Constitutional Limitations, pp. 116, 117, and notes, and pp. 124, 125, 204; *Taylor v. Stevenson,* ante, p. 180, 9 Pac. 642; *Ex parte Cox,* 63 Cal. 21; *Ruggles v. Collier,* 43 Mo. 353, and authorities therein cited; *S. F. etc. R. R. Co. v. State Board,* 60 Cal. 12-34; *Wayman v. Southard,* 10 Wheat. 1.)

Richard Z. Johnson, Attorney General, and C. S. Kingsley, District Attorney, for Boise County.

As to delegation of legislative powers: The legislature cannot, in a general sense, delegate its legislative authority—its power to enact laws—is a proposition which, at this day, no one will question or deny. But whilst the proposition is undoubtedly true in its more general sense, it cannot be maintained in its most restricted sense. (*Savings etc. Assn. v. Austin,* 46 Cal. 477; *People v. Reynolds,* 5 Gilm. 12; cited 46 Cal. 477, 478.)

HAYS, C. J.—The plaintiff in error, being probate judge of Boise county, filed his claim against said county for salary and fees for the quarter ending July 10, 1887, claiming the same under and by virtue of "An act regulating the salary and fees of the probate judges of Lemhi and Boise counties," approved February 20, 1879. (See 10th Sess. Laws, p. 61.) The board of county commissioners disallowed the claim as filed, from which order the plaintiff in error appealed to the district court, where the order disallowing the claim was affirmed, and plaintiff now brings his cause to this court upon a writ of error.

Many questions have been discussed in this case which we will not consider; for we find that the act of February 20, 1879, upon which this claim was based, was repealed February 10, 1887.

Judgment of the district court is therefore affirmed.

Buck, J., and Broderick, J., concurring.